No. 23-3682

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 26, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| SIERRA CLUB, et al., | ) |
| | ) |
|     Petitioners, | ) |
| | ) |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF ENVIRONMENT AND CONSERVATION, et al., | ) ) )     ORDER |
| | ) |
|     Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| TENNESSEE GAS PIPELINE COMPANY, | ) |
| | ) |
|     Intervenor. | ) |

**Before: MOORE, CLAY, and THAPAR, Circuit Judges.**

At issue are two stay motions filed by Petitioners, the Sierra Club and Appalachian Voices, to prevent construction of a pipeline during the pendency of this action. Petitioners seek review, pursuant to the Natural Gas Act of 1938 ("NGA"), 15 U.S.C. §§ 717-717z, of the Tennessee Department of Environment and Conservation's ("TDEC") order issuing a water quality certification under § 401 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*., to Tennessee Gas Pipeline Company ("TGP") for its proposed Cumberland Pipeline, which would extend approximately thirty miles and funnel natural gas to a facility near Cumberland City, Tennessee. Petitioners have filed a motion for stay pending review, and a motion for temporary administrative stay.

No. 23-3682

Congress enacted the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *United States v. Cundiff*, 555 F.3d 200, 206 (6th Cir. 2009) (quoting 33 U.S.C. § 1251(a)). In doing so, the Act "preserves states' 'primary responsibilities and rights' to 'allocate quantities of water within [their] jurisdiction.'" *South Side Quarry LLC v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 28 F.4th 684, 690 (6th Cir. 2022) (quoting 33 U.S.C. §§ 1251(b), (g)). Consistent with this design, "§ 401 of the [CWA] requires States to provide a water quality certification before a federal license or permit can be issued for activities that may result in any discharge into intrastate navigable waters." *PUD No. 1 of Jefferson Cnty. v. Washington Dep't of Ecology*, 511 U.S. 700, 707 (1994) (citing 33 U.S.C. § 1341). In turn, the NGA provides the Federal Energy Regulatory Commission ("FERC") "final approval authority for the construction of natural gas pipelines by authorizing FERC to issue certificates of public convenience and necessity." *Sierra Club v. W. Va. Dep't of Env't Prot.*, 64 F.4th 487, 494 (4th Cir. 2023) (citing 15 U.S.C. § 717f(c)).

In May of 2022, TGP applied for a CWA water quality certification from TDEC for the construction of the Cumberland Pipeline. TGP's application identified bodies of water that would be impacted by the pipeline and proposed construction methods for crossing the bodies of water. After TGP provided TDEC with supplemental information related to the pipeline in December of 2022 and March of 2023, TDEC granted TGP's application on July 21, 2023. Citing concerns about the environmental impact of the proposed pipeline on its members, the Sierra Club and Appalachian Voices timely petitioned this Court for review of TDEC's order.

On August 29, 2024, while Petitioners' petition for review of TDEC's order remained pending before this Court, FERC granted TGP's application for a certification of public necessity and convenience related to the Cumberland Pipeline, thus allowing TGP to begin constructing the

No. 23-3682

Cumberland Pipeline. On September 18, 2024, Petitioners moved to stay TDEC's § 401 CWA water quality certification order pending this Court's review of their petition. Based on TGP's refusal to delay pipeline construction until this Court addresses the issues raised by Petitioners' stay motion, Petitioners assert that it is likely that TGP will imminently start constructing the Cumberland Pipeline if this Court does not intervene. On September 19, 2024, Petitioners moved for a temporary administrative stay "to preserve the status quo" while the Court considered Petitioners' motion for stay pending review.

To provide sufficient time for this Court to consider the merits of Petitioners' motion for stay pending review, Petitioners argue that we should grant their motion for a temporary administrative stay. *See In re MCP No. 185*, No. 24-7000, 2024 WL 3491226, at *1 (6th Cir. July 12, 2024) (ordering an administrative stay pending the Court's consideration of a motion to stay an agency order). However, the motion for a temporary administrative stay appears to have been rendered moot by TGP's promise not to begin pipeline construction until October 15, 2024, at the earliest. (*See* TGP's Suggestion of Mootness Regarding Petitioners' Motion for Administrative Stay dated September 23, 2024).

Petitioners' motion for temporary stay is therefore denied as moot.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk